### THE NORTHERN OHIO TRACTION & LIGHT CO. *v.* JENKINS, ADMR.

*Negligence or contributory negligence—Question for jury, when—And finding of jury conclusive, when—Technical errors disregarded, when—Evidence—Charge to jury—Backing car struck passenger.*

1. Whether the striking by a backing car of one who had just alighted therefrom while the car was at a standstill, was due to the negligence of the company or its operatives or to the contributory negligence of the one so injured, is a question for the jury, and their finding, where supported by the evidence, will not be disturbed by a reviewing court.

2. Nor will the judgment based upon such a finding be disturbed for technical errors in the admission of evidence or the charge of the court, where it appears from the entire record that substantial justice has been rendered under all the circumstances.

(Decided May 20, 1914.)

ERROR: Court of Appeals for Tuscarawas county.

BY THE COURT (VOORHEES, SHIELDS and POWELL, JJ.).

This was an action commenced in the court of common pleas of this county by the defendant in error, Thomas E. Jenkins, as administrator of the estate of Edmund F. Jenkins, deceased, against

The Northern Ohio Traction & Light Company, plaintiff in error, for its negligence in causing one of its cars to run over the said Edmund F. Jenkins and causing his death.

In his petition filed in the court of common pleas the plaintiff alleged, in substance, that he is the duly appointed administrator of the estate of Edmund F. Jenkins, deceased, and that the defendant company is a corporation operating an electric street railway extending in part from Canal Dover through New Philadelphia and Midvale to Uhrichsville in said county.

That on the evening of March 21, 1912, about 6:50 P. M., the said Edmund F. Jenkins was a passenger on one of the defendant's cars from New Philadelphia to Midvale, paying his fare therefor. After riding on said car to a switch near Midvale and after said car had come to a full stop and after the conductor on said car was made aware of the fact that the said Edmund F. Jenkins would alight at said switch, said conductor consenting, the said Edmund F. Jenkins, after said car came to a full stop, alighted from said car from the rear platform on the south side thereof, and after so alighting started for his destination by attempting to cross said defendant company's track by passing around and in the rear of said car, which was not then in motion, and at a distance of several feet therefrom, when, without his fault, the defendant, by its conductor and motorman, who were in charge and control of said car then on said main track, caused said car to suddenly start and move at a high rate of speed backward and in an opposite direction, to-wit, northwesterly, from that in which it had

been running, wrongfully, negligently, carelessly and unskillfully moving said car backward in the direction toward where the said Edmund F. Jenkins was crossing said track, and that in so moving said car backward as aforesaid, without any signal being given by the defendant or its agents or employes, and without the ringing of any bell or the sounding of a gong, the blowing of any whistle or giving any notice or alarm whatever of the starting of said car, or of its change of direction, with no light on the rear end of said car, the said Edmund F. Jenkins was, without any negligence or fault on his part, run over by the defendant's said car, and was crushed and mangled under and between the wheels and trucks thereof, of which injuries he died within a few hours afterwards; all of which was caused by the wrongful, negligent, reckless, unskillful and unlawful acts of the defendant, its agents, servants and employes in the management and control of said car; and plaintiff averred that said personal injuries and death which ensued resulted to the said Edmund F. Jenkins as a direct, natural and proximate consequence of said acts of the defendant.

The petition then avers that the said Edmund F. Jenkins left surviving him his widow and children, all of whom were dependent upon him for support; and damages are prayed for against the defendant company by said administrator in the sum of $10,000.

The defendant filed an answer to the foregoing petition, admitting that on March 21, 1912, the said Edmund F. Jenkins was a passenger on one of its cars from New Philadelphia to Midvale, and

paid his fare, but that he voluntarily left said car when the same was near Midvale and that thereafter he walked in front thereof when it was moving backward and was struck by said car, causing injuries to his person from which he died shortly thereafter.   It denies the negligence charged in said petition and avers that the injuries so received by the said Edmund F. Jenkins were the result of his carelessness and negligence, and it denies all the other allegations in said petition not specifically admitted to be true.

For a second defense the defendant sets up that before said car stopped at Midvale, while said car was in motion and against the protest of the conductor of said car, the said Edmund F. Jenkins left said car, and after alighting therefrom and after it traveled some distance in the direction it was going, said car backed in an opposite direction upon its track and the said Edmund F. Jenkins carelessly and negligently, and in full view of said car so moving upon said track, stepped upon said track at a time when said car was so near to him that it was impossible for the parties in charge thereof, in the exercise of ordinary care, to have stopped the same, and that when it was impossible to stop said car in time to avoid striking him and when, if he had looked, he could have seen, and if he had listened he could have heard, said car approaching just before or at the time when he stepped upon said track, and thereby have avoided being struck by said car, and have avoided receiving said injuries which caused his death; that said injuries so received were the result of his own carelessness and negligence in going upon said track in full

view of said approaching car.   The defendant denies that it was negligent in the operation of its said car, and denies that said Edmund F. Jenkins received his injuries because of any carelessness of the defendant, but avers that his injuries and death were caused by his carelessness and negligence as before stated.

To this answer the plaintiff filed a reply denying that said injuries received by the said Edmund F. Jenkins, from which he shortly thereafter died, were so received by him because of his own carelessness and negligence, as alleged in the defendant's first and second grounds of defense.

Upon the issues made by the foregoing pleadings the case was submitted to a jury, resulting in a verdict of $2,500 in favor of the plaintiff.   A motion for a new trial was overruled, and judgment was entered upon said verdict.   A bill of exceptions was taken containing the evidence upon the trial, including the charge of the court to the jury, and by a petition in error said cause is brought before this court for review and for a reversal of said judgment of the said court of common pleas.

In said petition in error various grounds of error are alleged, among them that said court erred in the admission and rejection of evidence offered upon said trial.   An examination of said bill of exceptions fails to disclose that the action of said court resulted in working any prejudicial error to the plaintiff in error on either of said grounds.   In several instances it appears that evidence was admitted against the objection of the defendant below, which under the rules of evidence was perhaps not strictly proper, but the effect of such evidence was

in nowise prejudicial to the legal rights of the plaintiff in error, and we therefore hold that the contention of the plaintiff in error in this respect is not sustained.

It is also contended that the court below erred in overruling the motion of the defendant below at the close of plaintiff's testimony, and a like motion was overruled at the close of the entire case, to arrest said case from the jury and direct a verdict for the defendant below. A reading of said bill of exceptions shows that the action of said court in this respect was well warranted in the light of the evidence contained therein.

It is also urged that the court below erred in refusing to give to the jury, before argument, certain written requests submitted to said court by the defendant below, and in giving in its charge to the jury certain written requests of the plaintiff below to which the plaintiff in error excepted at the time. The requests which said court refused to give to the jury are No. 1 and No. 2, which, for obvious reasons, under the undisputed evidence in the case, we think were properly refused.

It is also contended that said court erred in its general charge to the jury upon the subject of looking and listening for an approaching car before going upon the track of said company, in this, that said court failed to give to the jury the rule laid down in the case of *The N. Y., C. & St. L. Rd. Co.* v. *Kistler,* 66 Ohio St., 326, wherein it is held that "The looking required before going upon a crossing, should usually be just before going upon the track," etc. This is just what the trial court did charge.

Written request No. 4, submitted by counsel for the defendant below to be given in the charge to the jury before argument, reads: "The court charges you as a matter of law that it was the duty of Edmund F. Jenkins just before he stepped upon the tracks of the defendant company to both look and listen for an approaching car," etc.

The foreging request was given to the jury by said court verbatim. Under subdivision 5 of Section 11447, General Code, it was the undoubted right of the plaintiff in error to have the jury instructed upon the law of the case; and to this end it was the duty of the trial court to give in the charge to the jury all proper and reasonable requests made by the plaintiff in error if they contained sound propositions of law. But it is likewise true that the trial court was not called upon to repeat such instructions, for if they were once given the duty of said court was discharged, there being no necessity to repeat the same instructions even though in different and varying forms.

Of the various written requests to be given to the jury, before argument, submitted by the plaintiff below, it appears that but one of them was given, and that related to the question of damages, where the rule as given is approved by the courts of this state generally.

It is also urged that the verdict of the jury is unsupported by the evidence, that it is against the weight of the evidence and contrary to law. On account of the insistence of counsel we have carefully read this entire record with special reference to this assignment of error. Notwithstanding the claim made by the conductor in charge of the car

upon which the decedent and his son rode from New Philadelphia to the Midvale switch the evening in question; we think the testimony of the son and other passengers on said car clearly showed that said conductor did volunteer the information to the deceased and his son that they could get off said car at said switch, and that decedent, after the car stopped at said place, did get off.

Whatever he may have done before that evening in alighting there from a car when in motion is immaterial, as the uncontradicted evidence is that on this evening he alighted from the car after it had stopped; and whether he exercised ordinary care in attempting to cross the company's track after getting off of said car was a question for the jury in view of all the circumstances in the case. Both the alleged negligence of the company and the alleged contributory negligence of the decedent were questions of fact for the jury, and in their determination of these questions it was proper for them to consider whether or not the plaintiff in error had in its employ and service at that time experienced and competent servants managing said car, having in its charge passengers whom it had undertaken to safely deliver at their destination; whether or not the plaintiff in error, by its agents and employes, signaled the backing of said car on the track, and had at said place an employe on the rear of said car while so backing, as called for by the rules of said company, and as a proper regard for the safety of persons who might be crossing said track, in the exercise of ordinary care, required; and whether or not the machinery and equipment of said car were in proper repair. We

refer to these features of the case because of the evidence introduced upon the trial respecting them and which it was the province and duty of the jury to consider in connection with the charge of negligence here made against said company.   Indeed, as we view the case, the determination of the above questions may have determined the action of the jury, and these questions being questions of fact, it was the province of the jury to pass upon them, and having passed upon them, we do not think that this court, as a reviewing court, under the evidence presented in said bill of exceptions, should disturb the finding of the jury.

As stated, we have read this entire record with no little care, and we think that the case was fairly tried; that the rights of the defendant below were properly protected and cared for by the action of the court below in its charge to the jury; that said charge was exhaustive and fair to both parties; and taking it all in all we are of the opinion that the verdict of the jury is not unsupported by the evidence, nor against the manifest weight of the evidence, nor contrary to law; and furthermore, we are of the opinion that the action of said jury by their verdict and the judgment of said court express nothing further than the rendition of substantial justice between the parties hereto.   In the trial of cases occupying no little time it is not uncommon for technical errors to intervene, but where all the evidence taken upon the trial, including the charge of the trial judge, is before a reviewing court and such court determines that under all the circumstances substantial justice has been done, the judgment will not be reversed for

error in the charge of the court below. *Way &
Co.* v. *Langley,* 15 Ohio St., 392; *Baird* v. *Burton
Telephone Co.,* 10 C. C., N. S., 163.

The judgment of the court of common pleas will
be affirmed, at the costs of the plaintiff in error.

*Judgment affirmed.*

*Mr. John C. Welty* and *Mr. Henry Bowers,* for
plaintiff in error.

*Mr. J. F. Stephenson* and *Messrs. Graham &
Stafford,* for defendant in error.