**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2984
_____

ANTONIA LERNER,

Appellant

v.

CITIGROUP

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-16-cv-01573)
District Judge: Hon. Kevin McNulty

_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 15, 2020

_____

Before: KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*.

(Filed: December 15, 2020)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Antonia Lerner appeals the denial of her motion to vacate the Arbitrator's award, which granted her former employer Citigroup Inc. (Citigroup) summary judgment and dismissed her claims of discrimination. On appeal, Ms. Lerner argues she never consented to arbitration and the Arbitrator committed misconduct by refusing to consider evidence of Citigroup's alleged retaliatory conduct. We agree with the District Court that Ms. Lerner failed to prove her misconduct claim. Furthermore Ms. Lerner forfeited her consent claim by raising it for the first time before this Court. We will therefore affirm the order sustaining the award.

I.

Ms. Lerner was employed by Citigroup, a global financial services firm, as an Apps Support Senior Analyst in Jersey City, New Jersey. She was terminated from her position in May 2015. **App. 266.** Citigroup maintained that the termination was due to a cost saving program which entailed moving her position to India. Ms. Lerner contended the termination was motivated by discrimination and filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging sex and disability discrimination. **App. 42.** The EEOC dismissed the complaint in February 2016, stating it was "unable to conclude" that any of the statutes enforced by the Commission had been violated. App. 36.

In March 2016 Ms. Lerner filed a complaint in the District Court, alleging that Citigroup failed to accommodate her disability, discriminated against her race, sex and disability, and illegally retaliated against her for filing a complaint with the EEOC. Ms.

2

Lerner asserted claims under Title VII of the Civil Rights Act, 42 U.S.C. §2000e, et seq., the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., and the New Jersey Law Against Discrimination (N.J. Stat. Ann. §10:5-1 et seq.) **App. 27, 267.**

Citigroup filed a motion to compel arbitration, which the District Court granted after concluding that a valid arbitration agreement existed between Ms. Lerner and the company. **App. 222-24.** Ms. Lerner did not object to the motion or the Court's order; she instead filed a demand for arbitration with the American Arbitration Association (AAA). **App. 227.**

An arbitrator was selected and entered scheduling orders to govern discovery. At the conclusion of discovery, Citigroup requested leave to file a motion for summary judgment. In December 2017 Ms. Lerner requested and was granted a conference call, during which the Arbitrator explained that it was her burden to provide facts and relevant law to establish her claims. **App. 275, n. 6.**

In March 2018 Citigroup filed its motion for summary judgment. Ms. Lerner filed her response along with her affidavit. **App. 269**. The Arbitrator granted the motion for summary judgment, finding that Ms. Lerner failed to establish her disability and discrimination claims and offered only speculation to support her retaliation claim. **App. 275-6.**

In the District Court, Ms. Lerner, proceeding *pro se*, moved to vacate the award, alleging that the Arbitrator failed "to understand that being laid off twice within weeks of each other is very traumatizing," that there was a conflict of interest between Citigroup and the AAA, and the Arbitrator failed to properly review facts in support of her claims.

App. 164-66. The District Court denied the motion, finding that Ms. Lerner did not establish grounds to vacate the award. With regard to the allegation that the Arbitrator failed to consider relevant facts, the Court found that "Ms. Lerner does not explain what pertinent evidence the arbitrator allegedly refused to hear." App. 18.

On appeal, Ms. Lerner argues for the first time that she never consented to arbitration. She also renews her assertion that the Arbitrator committed misconduct by failing to consider evidence supporting her retaliation claim.[1] Neither claim entitles Ms. Lerner to relief and we therefore affirm the District Court's order denying the motion to vacate the arbitration award.

## II.

The District Court had jurisdiction under 9 U.S.C. § 9, and we have appellate jurisdiction under 9 U.S.C. § 16(a)(1)(D). We review *de novo* the District Court's denial of a motion to vacate an arbitration award. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Our review of the Arbitrator's decision, however, is "extremely deferential." *Id.* at 370 ("The net result of a court's application of this standard is generally to affirm easily the arbitration award[.]").

## III.

Ms. Lerner asserts she never consented to the arbitration clause in Citigroup's employee handbook and the District Court erred by finding a valid arbitration agreement existed. She claims for the first time on appeal that acknowledging the arbitration clause

---

[1] Ms. Lerner filed the motion to vacate in District Court *pro se* but was represented by counsel before this Court.

4

in the employee handbook did not constitute a valid waiver of a judicial forum, and the arbitration award should therefore be vacated. **Appellant's brief, 9.**

Ms. Lerner did not present this non-consent argument to the District Court or at any stage of the arbitration proceedings. The failure to do so precludes relief on appeal. "Our Circuit adheres to a 'well established principle that it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the district court.'" *Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 272-73 (3d Cir. 2004) (quoting *In re City of Phila. Litig.*, 158 F.3d 723, 727 (3d Cir. 1998)). Ms. Lerner's argument that she did not consent to arbitration does not constitute a jurisdictional matter that can be raised at any stage of the proceeding. Whether an agreement to arbitrate existed between the parties constitutes a contract claim that Ms. Lerner forfeited by not raising it before the District Court. *Id.* at 272. Further, Ms. Lerner has not alleged any exceptional circumstances that would warrant review of her non-consent claim. *Birdman v. Office of the Governor*, 677 F.3d 167, 173 (3d Cir. 2012) ("It is axiomatic that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances.") (internal quotation marks omitted).

Ms. Lerner's ability to raise the claim at this stage is further compromised by her full engagement in the arbitration process. She did not object to Citigroup's motion to compel arbitration but instead filed a demand for arbitration with the AAA after the motion was granted. She produced documents, gave depositions, and filed a response to Citigroup's motion for summary judgment, all without making any objection to or

argument before the Arbitrator concerning her consent to arbitration. **App. 268-69.** Ms. Lerner did not cite any opposition to arbitration in her motion to vacate. **App. 164-66.** Because Ms. Lerner never indicated her alleged lack of consent to Citigroup, the Arbitrator or the District Court, she forfeited this basis for overturning the arbitration award.

IV.

Ms. Lerner next asserts that the Arbitrator committed misconduct by refusing to consider evidence that Citigroup retaliated against her by blocking her access to its internal job listings. We disagree.

The Federal Arbitration Act permits a court to vacate an arbitration award where the Arbitrator "refus[ed] to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). However, "[v]acatur is appropriate only in 'exceedingly narrow' circumstances[.]" *Metromedia Energy, Inc. v. Enserch Energy Servs., Inc.*, 409 F.3d 574, 578 (3d Cir. 2005) (quoting *Dluhos*, 321 F.3d at 370). There is a strong presumption in the Act that favors enforcing arbitration awards, and an "award is presumed valid unless it is affirmatively shown to be otherwise[.]" *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005).

Although we are mindful of our obligation to construe *pro se* filings liberally, *see Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009), Ms. Lerner failed to demonstrate any misconduct on the part of the Arbitrator. Although her motion to vacate alleged that Citigroup blocked her "internal access" to job listings, she never attributed the alleged blocking to an act of retaliation by her former employer. App. 164. Because Ms. Lerner

6

failed to "explain what pertinent evidence the arbitrator allegedly refused to hear," the District Court properly dismissed her allegations of arbitrator misconduct. App. 18. On appeal, Ms. Lerner attempts to remedy her failure by arguing the allegations of blocked access constituted pertinent evidence of retaliation that the Arbitrator refused to consider. We agree with Citigroup that this claim of retaliation is too speculative and attenuated to pose a viable cause of action, rendering Ms. Lerner's claim of Arbitrator misconduct meritless.

V.

Having considered Ms. Lerner's arguments and deemed them insufficient to warrant relief, we will affirm the order dismissing the motion to vacate the arbitration award.