PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4189
_____

HARVEY BIRDMAN; DIANE BIRDMAN; HERBERT
HIRSCH; BONITA HIRSCH; BARCLAY ASSOCIATES,
INC.; KINGSBRIDGE ASSOCIATES, INC.

Appellants

v.

OFFICE OF THE GOVERNOR;
BUREAU OF INTERNAL REVENUE;
UNITED STATES OF AMERICA

_____

No. 11-1462
_____

In re:  HARVEY BIRDMAN; DIANE BIRDMAN;
HERBERT HIRSCH; BONITA HIRSCH,

Petitioners
_____

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. Thomas
(D.C. Civil Action No. 3-09-cv-00055)
District Judge:  Honorable Curtis V. Gómez
_____

Argued January 26, 2012
_____

Before:  AMBRO, CHAGARES and
HARDIMAN, Circuit Judges

(Opinion filed: April 12, 2012)

Joseph A. DiRuzzo, III, Esquire (Argued)
Mitchell S. Fuerst, Esquire
Fuerst Ittleman, PL
1001 Brickell Bay Drive, Suite 3200
Miami, FL  33131

Counsel for Appellants/Petitioners

Vincent F. Frazer
   Attorney General
Bernard Van Sluytman
   Solicitor General
Pamela R. Tepper (Argued)
   Assistant Attorney General
Tamika M. Archer, Esquire
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor

Charlotte Amalie, St. Thomas, VI 00802

Kenneth L. Greene, Esquire
Jennifer M. Rubin, Esquire (Argued)
United States Department of Justice
Tax Division
950 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, DC 20044

Joycelyn Hewlett, Esquire
Office of United States Attorney
5500 Veterans Building, Suite 260
United States Courthouse, Room 260
Charlotte Amalie, St. Thomas, VI 00802

Dashiell C. Shapiro, Esquire
United States Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, DE 20044

Counsel for Appellees/Respondents
_____

OPINION OF THE COURT
_____

AMBRO, <u>Circuit Judge</u>

These consolidated cases stem from a single lawsuit

by two married couples and their affiliated entities. They sued the Virgin Islands and its tax agency seeking a determination of the source of certain income, and the United States seeking tax refunds. The United States District Court of the Virgin Islands (the "V. I. District Court" or simply the "District Court") dismissed their claim against the Virgin Islands and transferred their claims against the United States to the United States District Court for the Southern District of Florida. The plaintiffs have directly appealed the District Court's dismissal of their claim against the Virgin Islands, and they have filed a petition for a writ of mandamus concerning their claims against the United States.[1] For the reasons that follow, we affirm the holding of the District Court and deny the mandamus petition.

## I.      Background and Procedural History

Harvey and Diane Birdman formed a Virgin Islands corporation, Barclay Associates, Inc. ("Barclay"). Herbert and Bonita Hirsch also formed a Virgin Islands corporation, Kingsbridge Associates, Inc. ("Kingsbridge"). During the relevant time period, tax year 2006, Barclay and Kingsbridge were among the limited partners in a Virgin Islands limited liability limited partnership, Four Points Management LLLP ("Four Points"). Barclay and Kingsbridge derived all of their income from their stakes in Four Points.

The Birdmans and the Hirsches assert that they were not "bona fide residents" of the Virgin Islands in 2006. *See* I.R.C. § 937(a). However, they claim that a portion of their income was "derived from sources within the Virgin Islands." *See id.* § 932(a)(1)(A)(ii). Specifically, Harvey Birdman's

---

[1] Though in the first instance they are appellants and the second petitioners, for convenience we define them below as "Appellants."

4

2006 tax return indicates that 85.7% of his income was derived from the Virgin Islands; for Herbert Hirsch, it was 81.47%. The men, who filed jointly with their wives, claimed that all of their Virgin Islands income came from Barclay and Kingsbridge, respectively.

Taxpayers situated like the Birdmans and the Hirsches—that is, taxpayers who are not "bona fide residents" but claim to have derived some income from the Virgin Islands—must file two tax returns. *Id.* § 932(a)(2). Their Virgin Islands tax return should include taxes payable on all income "derived from sources within the Virgin Islands." *Id.* § 932(b)(1), (b)(2)(B). Their United States tax return should include taxes payable on the remaining income. *Id.* § 932(a)(3), (b)(3).

Both couples in our case filed the proper 2006 tax returns, one with the United States and one with the Virgin Islands. But they each made only one payment. Rather than paying the Virgin Islands its share, as § 932 requires, both couples paid both their United States taxes and their Virgin Islands taxes to the United States. The taxpayers allege that they did so "with the good faith belief that the [United States] IRS would pay the amount[s] due to the [Virgin Islands] to the [Virgin Islands Bureau of Internal Revenue ("VIBIR")], or, alternatively, that the VIBIR would obtain the amounts from the IRS." Compl. ¶¶ 49, 52. The United States, though, has neither paid those sums to the Virgin Islands nor refunded them to the taxpayers. Nor has the Virgin Islands sought to claim those sums from the United States. Caught between Scylla and Charybdis, the Birdmans and the Hirsches complain that they owe debts to the Virgin Islands that equal their overpayments to the United States.

The Birdmans, the Hirsches, Barclay, and Kingsbridge (collectively, the "Appellants") brought this suit in 2009 in

the District Court. They named both the Virgin Islands (including its agency, the VIBIR) and the United States as defendants but sought different relief from each. Against the Virgin Islands, they requested a "negative injunction" that would compel the VIBIR to declare whether the income in question was "derived from sources within the Virgin Islands."[2] (They claim that the income was so derived, but the United States IRS has challenged that claim in other proceedings.) Against the United States, they requested refunds of the amounts they contend they initially should have paid to the Virgin Islands.

The Virgin Islands moved to dismiss Appellants' claim against it pursuant to Rules 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure. The District Court granted its motion to dismiss, holding that Appellants had failed to state a claim against the Virgin Islands. In the alternative, the Court held that Appellants' claim against the Virgin Islands was not ripe for decision. This dismissal is before us on direct appeal as case 10-4189.

The United States moved to dismiss Appellants' claims against it pursuant to Rule 12(b)(3), asserting that venue was improper. In the alternative, it moved to sever

---

[2] Because the proposed injunction "commands that acts be done rather than not done," it is a mandatory (or affirmative) injunction, not a negative injunction. *United States v. Apex Oil Co.*, 579 F.3d 734, 739 (7th Cir. 2009); *see also* 11A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2942 & n.37 (2d ed. 1995 & Supp. 2011). We retain the "negative" label because Appellants used it in their arguments to the District Court. *See infra* section III.A.

those claims and transfer them to the District Court for the Southern District of Florida, where the Birdmans and the Hirsches live. The V. I. District Court granted the United States' alternative motion, transferring this part of the case to the Florida venue pursuant to 28 U.S.C. § 1406(a). Before the Court entered its transfer order, Appellants moved it to certify an interlocutory appeal of that order to our Court under 28 U.S.C. § 1292(b).[3] They maintained that, under 48 U.S.C. § 1612(a), jurisdiction (and thus venue) is proper only in the V. I. District Court. The District Court for the Southern District of Florida stayed the case but re-transferred it to the V. I. District Court for the limited purpose of ruling on Appellants' motion to certify an interlocutory appeal. The V. I. District Court then denied that motion. Appellants, however, petitioned us for a writ of mandamus to compel the V. I. District Court to accept jurisdiction and venue. That petition is before us as case 11-1462.

We have consolidated case 10-4189 with case 11-1462, so all counts of Appellants' complaint are involved in this case. But the issues are distinct. We must decide, first, whether Appellants have stated a claim against the Virgin Islands, and second, what the proper venue is for Appellants' claims against the United States. The latter question requires that we determine which courts have jurisdiction over Virgin Islands tax matters under 48 U.S.C. § 1612(a).

---

[3] As an order to transfer venue is not a final order, Appellants could not appeal as of right at this stage. *See In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 378 (3d Cir. 2002) ("It is a well-established rule in this circuit (and generally) that 'orders transferring venue are not immediately appealable.'" (citation omitted)).

7

## II. Jurisdiction and Standard of Review

The V. I. District Court had jurisdiction over Appellants' claim against the Virgin Islands under 48 U.S.C. § 1612(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 1294(3). Our review of the District Court's order granting the Virgin Islands' motion to dismiss is plenary. *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009). "We accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in [Appellants'] favor." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").

We have jurisdiction over Appellants' mandamus petition under the All Writs Act, 28 U.S.C. § 1651. That Act "gives appellate courts the power to issue a writ of mandamus 'in exceptional cases where the traditional bases for jurisdiction do not apply.'" *United States v. Higdon*, 638 F.3d 233, 245 (3d Cir. 2011) (quoting *In re Pasquariello*, 16 F.3d 525, 528 (3d Cir. 1994)).

## III. Discussion

### A. Claim Against the Virgin Islands

Appellants have asked the District Court to "compel the [Virgin Islands] and the VIBIR to issue a determination of the source of income for tax year 2006 as to Barclay and Kingsbridge." Compl. ¶ 61. In support of this request, they

8

cite delays by the United States IRS in its challenge to their source of income for 2006 and other tax years. *Id.*

The Virgin Islands moved the District Court to dismiss this count of the complaint for failure to state a claim. In response to its motion, Appellants stated that they "relie[d] upon [that] Court's equitable powers to issue a negative injunction against the VIBIR for a determination of source of income pursuant to 26 U.S.C. §§ 861-865." Chief Judge Gomez of the District Court at oral argument attempted to clarify Appellants' position. He asked Appellants' counsel four times to state their cause of action. J.A. at 303-05. Each time, counsel responded that it was a "negative injunction." When Chief Judge Gomez reminded counsel that an injunction is a remedy, not a cause of action, and that plaintiffs must have a cause of action to seek a remedy, counsel nonetheless responded: "Injunctive relief is a remedy. And under the law where it's at it's also a cause of action." *Id.* at 305.

The District Court granted the Virgin Islands' motion to dismiss on the basis that Appellants had not satisfied the administrative requisites for a redetermination of their Virgin Islands tax liability. It held in the alternative that any claim Appellants might have against the Virgin Islands was not ripe.

On appeal, Appellants urge that the V. I. District Court misconstrued the nature of their claim. "[A]t no point did the Appellants attempt to litigate their respective income tax liabilities. . . . The Appellants' complaint . . . stated in no uncertain terms that they were seeking a negative injunction." Appellants Br. at 40. They based no part of their appeal on the cause of action that the District Court ascribed to them. Yet Appellants now recognize that they must have a cause of

9

action to merit an injunction. They proffer two on appeal: breach of contract and quasi-contract.

Appellants did not present these contract-based causes of action to the District Court. Nowhere in their complaint or trial memoranda on this issue does the word "contract" appear, nor did they mention it in responding to Chief Judge Gomez's repeated questioning. Those sources likewise do not suggest how the Virgin Islands might be in breach (as the operative paragraph of the complaint lists grievances only against the IRS), or how it might have been unjustly enriched (as Appellants paid the IRS, not the Virgin Islands, for the year in question). If Appellants intended to make a contract claim, their pleadings do not "'give the defendant[s] fair notice of what the . . . claim is.'" *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rather, "the pleading must contain something more by way of a claim for relief than . . . a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action." 5 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1216 (3d ed. 2004 & Supp. 2011).

"It is axiomatic that 'arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances.'" *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011) (quoting *United States v. Petersen*, 622 F.3d 196, 202 n.4 (3d Cir. 2010)). The only causes of action that Appellants present for our review were not argued before the District Court. Thus, they have waived any ground on which they might state a claim against the Virgin Islands.[4]

---

[4] Appellants insist that "special circumstances" exist here that justify a departure from our well-settled rule. However, they

10

We also agree with the District Court that any claim Appellants might have against the Virgin Islands is not ripe to decide. "[F]ederal courts are only empowered to decide cases and controversies" as our Article III jurisprudence defines them. *Felmeister v. Office of Att'y Ethics*, 856 F.2d 529, 535 (3d Cir. 1988). Ripeness is among the requirements for a case or controversy to exist. *Id.* To determine whether a dispute is ripe, we must evaluate "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

Ripeness questions often arise when an agency has announced a decision to take a certain action, but that action remains tentative at the time of suit. The seminal cases of *Abbott Laboratories*, cited above, and *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158 (1967), presented such facts. A dispute generally is not ripe if the agency's "action 'reflect[s] the tentative nature of [its] conclusion,' in which the [the agency] 'expressly reserve[s] the possibility that [its] opinion . . . might change.'" *Natural Res. Def. Council v. FAA*, 292 F.3d 875, 883 (D.C. Cir. 2002) (quoting *N.Y. Stock Exch., Inc. v. Bloom*, 562 F.2d 736, 741 (D.C. Cir. 1977)). For example, we held that a proposal to audit a hospital was not fit for decision, and thus not ripe, because "'[a]n investigation, even one conducted with an eye to enforcement, is quintessentially non-final as a form of agency action.'" *Univ. of Med. & Dentistry of N.J. v. Corrigan*, 347 F.3d 57, 69 (3d Cir. 2003) (quoting *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 781 (9th Cir. 2000)). This is

do so on the basis of evidence outside the record, which we decline to consider. *See* Fed. R. App. P. 10(a).

so because "the possibility that no enforcement action may be taken is real for several reasons, not least of which is that the [agency] may change [its] mind on one or more issues along the way." *Id.*

In our case, Appellants' claim is not ripe because the Virgin Islands has taken no action whose legality we can resolve. The 2006 Virgin Islands tax returns of the Birdmans and the Hirsches indicate that they owe certain taxes. The Virgin Islands has sent those taxpayers automated notices reflecting their own assertion that the taxes are due. However, it has made no formal determination of the amounts that are in fact owed; indeed, that determination is the relief that Appellants seek. Much less has it begun any enforcement action. At oral argument, counsel for the Virgin Islands indicated that the VIBIR has declined to take action pending the outcome of this and other lawsuits. Oral Arg. Tr. 23, 28. Hence, the record presents us with a real possibility that the Virgin Islands will never seek to collect the disputed taxes.[5]

The causes of action that Appellants have pressed against the Virgin Islands in our Court are waived, and in any

---

[5] Our law in two related contexts bolsters our conclusion that Appellants' claim is not ripe. Under the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*, courts generally cannot compel an agency to enforce laws that Congress has charged it with enforcing. *See Heckler v. Chaney*, 470 U.S. 821, 832 (1985) ("[A]n agency's decision not to take enforcement action should be presumed immune from judicial review . . . ."). And, under the Tax Anti-Injunction Act, courts generally cannot enjoin the collection of disputed taxes. *See* I.R.C. § 7421(a).

12

event their claim is not ripe in the unique context of this case. We therefore affirm the District Court's dismissal of Appellants' claim against the Virgin Islands.

### B. Mandamus Petition Concerning Jurisdiction over Virgin Islands Tax Matters

We also must determine the appropriate forum for Appellants' claims against the United States. To repeat, the District Court held that those claims "fall within the category of claims" defined by 28 U.S.C. § 1346(a), which governs certain claims against the United States. Appellants do not challenge that conclusion. The proper venue for § 1346(a) claims is, with exceptions not relevant, "in the judicial district where the plaintiff resides." *Id.* § 1402(a). The District Court therefore transferred these claims to the District Court for the Southern District of Florida, where the Birdmans and the Hirsches live. *See id.* § 1406(a) (permitting district courts to transfer cases to the proper venue). It denied Appellants' motion to certify an interlocutory appeal of this venue transfer order pursuant to 28 U.S.C. § 1292(b).

Appellants petition us for a writ of mandamus to compel the V. I. District Court to decide these claims. Under 48 U.S.C. § 1612(a), they maintain, no other trial court has subject matter jurisdiction.

"The writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act 'amounting to a judicial usurpation of power.'" *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)). For the writ to issue, the petitioner must have no other adequate means to attain the relief sought, and the right to the writ must be clear and indisputable. *United States v. Higdon*, 638 F.3d at 245 (citing *Cheney v. United States Dist. Court*

13

*for D.C.*, 542 U.S. 367, 380-81 (2004)). "Even when these prerequisites are met, however, the issuance of a writ is 'largely discretionary.'" *Id.* (quoting *Hahnemann Univ. Hosp.*, 74 F.3d at 461).

We have established that "a writ of mandamus may issue to compel a district court to vacate an order transferring a case to another district." *In re United States*, 273 F.3d 380, 385 (3d Cir. 2001) (issuing writ and citing three prior cases in which we issued the writ for that purpose). Thus, "'[m]andamus is . . . the appropriate mechanism for reviewing an allegedly improper transfer order.'" *Id.* (quoting *Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 30 (3d Cir. 1993)).

Appellants' petition for a mandamus writ requires that we construe the terms of the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1541 *et seq*. It "is the Virgin Islands' equivalent of a constitution, and as such, it is the body of law that defines the jurisdictional boundaries of the Virgin Islands courts." *Brow v. Farrelly*, 994 F.2d 1027, 1032 (3d Cir. 1993) (citations omitted). In particular, it defines the jurisdiction of the V. I. District Court, which Congress established pursuant to Article IV, § 3 of the United States Constitution. *See Callwood v. Enos*, 230 F.3d 627, 631 (3d Cir. 2000).

Prior to 1984, the Revised Organic Act provided considerable overlap between the jurisdictions of the District Court and the Territorial Court (now the Superior Court) of the Virgin Islands. "'[W]hen Congress acted to establish the District Court of the Virgin Islands, it established it as a court of original and general jurisdiction.'" *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 358 (3d Cir. 2007) (quoting *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1055 (3d Cir. 1982)). "Under this jurisdictional framework, the District Court of the

Virgin Islands heard the majority of cases brought in the Virgin Islands, whether those cases were brought under federal law or local law, civil law or criminal law." *Callwood*, 230 F.3d at 630. Hence, we resolved numerous disputes about the overlap in jurisdiction between the District Court and the Territorial Court. *See, e.g.*, *Excavation Constr., Inc. v. Quinn*, 673 F.2d 78, 80-82 (3d Cir. 1982); *Pan Am. World Airways, Inc. v. Duly Authorized Gov't of V.I.*, 459 F.2d 387, 390-91 (3d Cir. 1972).

In 1984, Congress amended the Revised Organic Act and refashioned the jurisdiction of the V. I. District Court. Pub. L. No. 98-454, 98 Stat. 1732. "By virtue of these amendments, the District Court now possesses the jurisdiction of a[n Article III] 'District Court of the United States,'" though it remains an Article IV Court. *Parrott v. Gov't of V.I.*, 230 F.3d 615, 619 (3d Cir. 2000). The District Court continued to have jurisdiction concurrent with the Territorial Court. However, the Virgin Islands legislature could now divest the District Court of jurisdiction over certain local actions, *see Estate of Thomas Mall, Inc. v. Territorial Court of V.I.*, 923 F.2d 258, 263-64 (3d Cir. 1991), and did so in 1990, *Brow*, 994 F.2d at 1034. In effect, the relationship between the District Court and the Superior (formerly Territorial) Court, both of which are Article IV courts, now somewhat resembles the relationship between Article III federal district courts and state courts. *See Edwards*, 497 F.3d at 359; *Parrott*, 230 F.3d at 621.

Congress's 1984 amendments included the jurisdictional language at issue in our case, which has not been amended since.

> The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the

15

diversity jurisdiction provided for in section 1332 of Title 28, and that of a bankruptcy court of the United States. The District Court of the Virgin Islands shall have *exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands*, regardless of the degree of the offense or of the amount involved . . . .

48 U.S.C. § 1612(a) (emphasis added). The parties agree that this is a "proceeding[] . . . with respect to the income tax laws applicable to the Virgin Islands." *Id.* Appellants thus reason that the V. I. District Court has "exclusive jurisdiction" over this case as against all other courts. In particular, they assert, the District Court for the Southern District of Florida lacks jurisdiction. The United States, which opposes the mandamus petition, counters that the "exclusive jurisdiction" language operates only against Virgin Islands local courts.[6] Thus, the District Court for the Southern District of Florida would have jurisdiction to resolve these claims.

Our inquiry into the meaning of a statute begins with its plain language. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). The grant of "exclusive jurisdiction" here applies to "all criminal and civil *proceedings in the Virgin Islands* with respect to the income tax laws applicable to the Virgin Islands." 48 U.S.C. § 1612(a) (emphasis added). A suit relating to Virgin Islands income tax pending outside of the Virgin Islands would not be a "proceeding[] in the Virgin Islands," and "exclusive

---

[6] "Local courts" include the Superior Court and the Supreme Court of the Virgin Islands. *See* V.I. Code Ann. tit. 4, § 2.

16

jurisdiction" would not apply.[7]  In other words, the phrase "in the Virgin Islands" provides a geographic limitation on the grant of exclusive jurisdiction, but the V. I. District Court's jurisdiction is "exclusive" only against other courts "in the Virgin Islands."  *See Thorstenn v. Barnard*, 842 F.2d 1393, 1396 (3d Cir. 1987) (*en banc*) ("[The V. I. District Court] was created by an act of Congress and exercises exclusive federal jurisdiction *in that Territory* under the Revised Organic Act, 48 U.S.C. § 1612." (emphasis added)).

The presumption against superfluities reinforces this reading of the statutory language.  "[W]hen interpreting a statute, courts should endeavor to give meaning to every word which Congress used and therefore should avoid an interpretation which renders an element of the language superfluous."  *Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001).  Appellants suggest no use for the phrase "in the Virgin Islands" beyond its use as a geographic qualifier, and we can conceive of none.  As the District Court recognized, Appellants' construction of § 1612(a) would

---

[7] Other statutes bestowing "exclusive jurisdiction" on a court lack such language.  For example, the United States Supreme Court has "original and exclusive jurisdiction of all controversies between two or more States."  28 U.S.C. § 1251(a).  Without any limitation on that grant of exclusive jurisdiction, the Court held that jurisdiction was proper in no other court.  *Mississippi v. Louisiana*, 506 U.S. 73, 77-78 (1992); *see also Pentax Corp. v. Myhra*, 72 F.3d 708, 711 (9th Cir. 1995) (affirming that the district court lacked jurisdiction where the statute provided without geographic qualification that "the Court of International Trade shall have exclusive jurisdiction").

17

contain no geographic qualifier and thus would render part of the statute superfluous.

Neighboring provisions of the Revised Organic Act also show that the District Court's "exclusive jurisdiction" over Virgin Islands tax matters is limited to proceedings vis-à-vis local courts. Sections 1611, 1612, and 1613 of Title 48 each concern the jurisdiction of the V. I. District Court in this context. In particular, "[t]he legislature of the Virgin Islands may vest in the [local] courts . . . jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction." 48 U.S.C. § 1611(b). Correspondingly, without a grant of "exclusive jurisdiction" in § 1612(a), the Virgin Islands legislature could vest jurisdiction over Virgin Islands tax matters in local courts. *Cf. Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507-08 (1962) ("Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule."). Moreover, local court jurisdiction appears to be disfavored insofar as the Virgin Islands tax code "mirrors" the United States federal tax code. *See Abramson Enters., Inc. v. Gov't of V.I.*, 994 F.2d 140, 142 (3d Cir. 1993).

The legislative history of the 1984 amendments to the Revised Organic Act further bolsters our interpretation of § 1612(a). The Senate record reiterates that "the income tax laws applicable to the Virgin Islands are the provisions of the Internal Revenue Code." 130 Cong. Rec. 23,782, 23,789 (daily ed. Aug. 10, 1984). Thus, "uniformity of interpretation requires that questions involving the interpretation of those laws be litigated only in the Federal courts," plural. *Id.* That Congress meant "Federal courts" as opposed to local courts is apparent in what follows: "This provision appears to be

18

necessary in view of the characterization of the income tax laws of the Virgin Islands as a local Territorial tax which is reviewable in the district court only by virtue of local legislation." *Id.* (citing *Dudley v. Comm'r*, 258 F.2d 182 (3d Cir. 1958)). The Virgin Islands income tax is analogous to a federal tax; thus, the Virgin Islands local courts lack jurisdiction.[8]

For these reasons, we hold that the District Court of the Virgin Islands has "exclusive jurisdiction" over proceedings "with respect to the income tax laws applicable to the Virgin Islands" only as against local courts in the Virgin Islands. 48 U.S.C. § 1612(a). The contested language is a division of jurisdiction in favor of the federal courts, in contrast to local courts, with respect to Virgin Islands tax cases. Because the clause "proceedings in the Virgin Islands" has this meaning when read in its full context, it permits the transfer of cases brought in the Virgin Islands to other federal courts.

Appellants do not dispute the conclusion that if the District Court for the Southern District of Florida has jurisdiction, then the general venue rule of 28 U.S.C. § 1402(a) applies. *See* 48 U.S.C. § 1614(b) ("Where appropriate, the provisions of . . . Title 28 . . . shall apply to the [V.I.] district court . . . ."). Under § 1402(a), the only

---

[8] The same legislative history states that Congress patterned the tax provision of § 1612(a) after a similar provision in the Organic Act of Guam. *See* 48 U.S.C. § 1421i(h)(1); *Gov't of Guam v. Superior Court of Guam*, 998 F.2d 754, 755 (9th Cir. 1993). It appears that no court has determined whether district courts outside of Guam have jurisdiction over Guam tax disputes.

19

proper venue for this action is the Southern District of Florida. The District Court's transfer of this dispute to that District thus was not "a judicial usurpation of power, or a clear abuse of discretion," so mandamus should not issue. *Cheney*, 542 U.S. at 380 (citations and internal quotation marks omitted). Accordingly, we deny Appellants' petition for a writ of mandamus.

It is possible that the multiple courts possessing jurisdiction over Virgin Islands tax law may reach conflicting conclusions. The same possibility inheres in the current jurisdictional structure of federal tax law. In that context, courts "temper the independence of the analysis in which [they] engage by according great weight to the decisions of the other circuits on the same question." *Wash. Energy Co. v. United States*, 94 F.3d 1557, 1561 (Fed. Cir. 1996). They do so because "the need for uniformity of decision applies with special force in tax matters." *Id.* We presume that our sister courts will exercise the same restraint in addressing questions of Virgin Islands tax law.

## IV. Conclusion

Appellants stated no cause of action against the Virgin Islands in the District Court, so the causes of action they allege on appeal are waived. In the alternative, any such claim is not ripe, as the Virgin Islands has taken no administrative action against Appellants regarding the tax year 2006, tentative or otherwise.

The District Court of the Virgin Islands has "exclusive jurisdiction" over V.I. tax cases only vis-à-vis V.I. local courts. Thus, it may transfer those cases to other United States district courts, provided that the other requirements of jurisdiction and venue are satisfied.

20

We therefore affirm the order of the District Court dismissing Appellants' claim against the Virgin Islands and transferring venue of Appellants' claims against the United States to the District Court for the Southern District of Florida. We deny Appellants' petition for a writ of mandamus.