DLD-212                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1713
_____

IN RE:  JAMAL A. MORTON,
Petitioner

_____

On a Petition for Writ of Mandamus from the
Supreme Court of the Virgin Islands
(Related to V.I. S. Ct. Civ. No. 2010-00116)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 28, 2012

Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 10, 2012)
_____

OPINION
_____

PER CURIAM

     Jamal A. Morton seeks a writ of mandamus directing the Virgin Islands Supreme

Court to compensate his counsel for filing a petition for a writ of certiorari in this Court

and for any future litigation in the United States Supreme Court.  We will deny the

mandamus petition.

I.

     Morton is currently facing criminal charges in the Virgin Islands Superior Court.

His court-appointed counsel, Joseph A. DiRuzzo, III, filed a motion with that court to compel the Virgin Islands to provide "constitutionally adequate attorneys fees" for his defense. Morton claimed that the fees allowed in the Virgin Islands were too low to insure constitutionally adequate representation. The Superior Court ordered the issue "severed" from Morton's criminal proceeding and suggested that he pursue it by way of a separate civil action. Morton instead appealed to the Virgin Islands Supreme Court, which dismissed his appeal for lack of appellate jurisdiction. Morton then filed a petition for a writ of certiorari seeking review of that ruling, which we denied. See Virgin Islands v. Morton, C.A. No. 11-3927 (Dec. 22, 2011). In addition to the certiorari petition, Morton filed a motion for appointment of his counsel in this Court under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, to receive federal payment for filing the certiorari petition. We denied that request as well, noting that the CJA contains no provision authorizing the payment of federal funds for the filing of a certiorari petition from the Virgin Islands Supreme Court, at least when certiorari is denied (we had no occasion to address compensation for a certiorari petition that is granted, and we have no such occasion now).

In the meantime, the Virgin Islands legislature had increased the fees allowed to court-appointed counsel.[1] Despite that development, Morton returned to the Virgin

---

[1] Morton initially challenged the Virgin Islands' allowance of only $45.00 per hour for out-of-court time and $65.00 per hour for in-court time. Morton did not specify what hourly rate he thought was constitutionally required, but he noted that many states pay more, including three that allow $75.00 per hour for all types of work. Effective

Islands Supreme Court following our ruling and sought a writ of mandamus requiring the Superior Court to rule on his fee challenge as originally presented. He also requested appointment of counsel in that mandamus proceeding and compensation for filing the mandamus petition as well. The Virgin Islands Supreme Court denied both requests, and Morton once again filed a certiorari petition seeking review of those rulings. We are issuing an order in C.A. No. 12-1712 contemporaneously herewith denying that petition because we discern no "special and important reasons" for review. 3d Cir. LAR 112.1(a) (2010).

Shortly before filing that certiorari petition, Morton filed a motion with the Virgin Islands Supreme Court asking that court to compensate his counsel for preparing that certiorari petition too. Morton's counsel argued that he had a duty to file the certiorari petition under Virgin Islands Supreme Court Rule 210.3(g), which requires "court-appointed" counsel to assist defendants in seeking certiorari, and he asked that court to compensate his counsel for preparing the petition given the absence of authority permitting compensation with federal funds. The court denied the request on March 6, 2012. The court explained that, because it had not appointed Morton's criminal counsel in the mandamus proceeding, his counsel "possesses absolutely no obligation to file a certiorari petition on Morton's behalf pursuant to Rule 210.3(g)." (March 6, 2012 Order

October 7, 2011, the Virgin Islands legislature increased the allowable hourly rate to not less than $75.00 for all types of work. See 2011 V.I. Sess. Laws B. No. 29-0208, Act 7316, § 2(b); In re Morton, No. 2011-0116, 2012 WL 653786, at *4 n.2 (V.I. Feb. 27, 2012).

3

at 1.)  Morton's counsel filed the certiorari petition anyway, and he now seeks a writ of mandamus ordering the Virgin Islands Supreme Court to compensate him for doing so.[2]

## II.

"'The writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power.'"  Birdman v. Office of the Governor, 677 F.3d 167, 174 (3d Cir. 2012) (citations and internal quotation marks omitted).  The writ may issue only if, inter alia, the petitioner has a "'clear and indisputable'" right to relief.  Id. (citation omitted).  "'Even when these prerequisites are met, however, the issuance of a writ is largely discretionary.'"  Id. (citations and internal quotation marks omitted).

The sole relief that Morton requests is an order directing the Virgin Islands Supreme Court to compensate his counsel for filing his most recent certiorari petition (and to fund any future litigation in the United States Supreme Court, a matter on which we decline to issue an advisory opinion).  Morton argues that the Virgin Islands Supreme Court's duty to provide such compensation arises from various provisions of the Virgin

---

[2] Morton seeks review of this issue solely by mandamus and has not invoked our certiorari jurisdiction under 48 U.S.C. § 1613 in this respect.  We need not decide whether the issue Morton presents is more properly addressed by certiorari because, to the extent that certiorari might be a more appropriate vehicle for review, it is denied for the reasons explained herein.  We have mandamus jurisdiction under the All Writs Act, 28 U.S.C. § 1651, in aid of our certiorari jurisdiction over the Virgin Islands Supreme Court.  Cf. In re Richards, 213 F.3d 773, 781-82 (3d Cir. 2000) (relying, inter alia, on the United States Supreme Court's mandamus jurisdiction over state courts in holding that the Appellate Division of the District Court for the District of the Virgin Islands had mandamus jurisdiction over the former Virgin Islands Territorial Court).

Islands Code and rules of court. The Virgin Islands Code requires appointment of counsel in certain criminal cases, including Morton's underlying criminal prosecution. See 5 V.I.C. § 3503(a). The Rules of the Virgin Islands Supreme Court require court-appointed counsel to "continue to represent th[e] litigant on appeal," V.I. S. Ct. R. 210.3(a), and thereafter, if the defendant wishes to seek certiorari, to "assist the defendant in preserving his right to file a petition for a writ of certiorari," V.I. S. Ct. R. 210.3(g).[3] The Virgin Islands Code and Virgin Islands Supreme Court rules also address the compensation of court-appointed counsel in general. See 5 V.I.C. 3503(b); V.I. S. Ct. R. 210.4(a). Thus, Morton argues, the Virgin Islands Supreme Court must compensate his counsel for filing the certiorari petition that its own Rule 210.3(g) required him to file.[4]

The problem with that argument, and the reason Morton has no "clear and indisputable" right to that relief, is that no provision of the Virgin Islands Code or the Virgin Islands Supreme Court Rules expressly requires that court to pay such compensation. To the contrary, as Morton acknowledges, the rule that addresses this

---

[3] Morton asserts that this latter provision requires court-appointed counsel to prepare and file an actual certiorari petition. The rule itself speaks only of "assist[ing] the defendant in preserving his right" in that regard. We will assume without deciding that the rule requires the actual filing of a certiorari petition as Morton contends.

[4] Morton does not argue that appointment of counsel on certiorari from the Virgin Islands Supreme Court is constitutionally required, and he relies instead solely on what he characterizes as the right to counsel created by Rule 210.3(g). In that regard, we note that the Constitution generally does not require states to appoint counsel for purposes of seeking discretionary appellate review in state court or the United States Supreme Court. See Ross v. Moffitt, 417 U.S. 600, 610-612 (1974).

situation provides instead that "[a]ny court-appointed attorney who files and prosecutes a petition for writ of certiorari in the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States . . . <u>shall be compensated by and pursuant to the rules governing proceedings in those courts</u>." V.I. S. Ct. R. 210.4(i) (emphasis added). Morton cites no other statute or rule addressing compensation in this situation.

Morton also does not ask us to declare Rule 210.4(i) invalid. In arguing that the Virgin Islands Supreme Court is required to compensate him notwithstanding that rule, however, he argues that the court exceeded its authority in promulgating it. Morton contends that the rule conflicts with the Virgin Islands Code, which provides that allowable compensation for court-appointed counsel "shall be paid out of money appropriated for that purpose by law," presumably by the Virgin Islands legislature. 5 V.I.C. § 3503(b). He also notes that the rule appears to conflict with our ruling that the CJA does not authorize the payment of federal funds for filing a certiorari petition from the Virgin Islands Supreme Court. Thus, he argues, if this Court cannot compensate him, then the Virgin Islands Supreme Court must.

These arguments do raise concerns. We also question whether either the Revised Organic Act, 48 U.S.C. §§ 1541-1645, or the Virgin Islands Code authorizes the Virgin Islands Supreme Court to promulgate rules regarding representation in and compensation by <u>federal</u> courts. <u>See, e.g.</u>, 48 U.S.C. § 1611(c) (authorizing the Virgin Island legislature and local courts to promulgate "rules governing the practice and procedure <u>of the courts established by local law</u>") (emphasis added); 4 V.I.C. § 34 (authorizing the Virgin Islands

6

Supreme Court to "regulate the practice and procedure governing causes and proceedings in the Court") (emphasis added). Thus, there may be some question whether the Virgin Islands Supreme Court is authorized to require court-appointed counsel to file a certiorari petition in this Court and then look to this Court for compensation, particularly in light of this Court's lack of ability to authorize such compensation under the CJA (at least when certiorari is denied).

We do not decide the issue in this case, however, because this case does not present it. Morton argues that the Virgin Islands Supreme Court's purported duty to compensate him for filing the certiorari petition was triggered by his purported obligation under Rule 210.3(g) to file it. As that court explained, however, Morton's counsel had no such duty in the first place. The duty to assist criminal defendants in seeking certiorari is imposed only on "court-appointed counsel," V.I. S. Ct. 210.3(g), and the provision directing counsel to seek compensation in federal court applies only to a "court-appointed attorney," V.I. S. Ct. R. 210.4(i). The certiorari petition for which Morton's counsel seeks compensation arose from an original mandamus proceeding in the Virgin Islands Supreme Court, see 4 V.I.C. § 32(b), and that court declined to appoint his counsel in that proceeding, a ruling that we are declining to review. Thus, the Virgin Islands Supreme Court did not consider Morton's criminal counsel to be "court-appointed" in that proceeding, and it so advised him before he filed the certiorari petition.

Moreover, the duty to assist criminal defendants in seeking certiorari necessarily is imposed only on those court-appointed counsel who are first required to continue

7

representation, or who are appointed in the first instance, "on appeal[.]" V.I. S. Ct. R.

210.3(a) & (b). A mandamus proceeding is not an "appeal." See Madden v. Myers, 102

F.3d 74, 77 (3d Cir. 1996). Thus, Morton's counsel had no duty to file the certiorari

petition for which he seeks to be paid. In the absence of such a duty, the filing of the

petition does not trigger the Virgin Islands Supreme Court's purported duty to make that

payment.

For that reason, we need not address whether Virgin Islands law requires the

Virgin Islands to pay compensation for a certiorari petition that Rule 210.3(g) may

require court-appointed counsel to file. We also need not and do not address the validity

of that or any other Virgin Islands rule of court. We note in that regard that Morton has

not requested that we declare any of those rules invalid and that his counsel has not

otherwise sought relief from their purported requirements (by, for example, seeking leave

to withdraw). Instead, his counsel seeks only to be paid. Because he has no clear and

indisputable right to that relief, the mandamus petition is denied.[5]

---

[5] We nevertheless encourage the Virgin Islands Supreme Court to consider whether amendment of its rules might be warranted in light of the concerns discussed herein, and particularly in light of our conclusion that the CJA does not authorize the payment of federal funds for filing a petition for certiorari from the Virgin Islands Supreme Court when certiorari is denied. As explained above, we express no opinion on these issues. For present purposes, it is sufficient merely to note them for the Virgin Islands Supreme Court's consideration. Cf. Austin v. United States, 513 U.S. 5, 8-9 (1994) (suggesting that Circuit councils revise their Criminal Justice Plans by creating mechanism for the Courts of Appeals to relieve counsel of the obligation to file certiorari petitions that counsel believe would present only frivolous claims).