**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3132
_____

WALTER CHRUBY,

Appellant

v.

ANNETTE KOWALESKI, in her official and
personal capacities; MARGE LECHENE,
in her official and personal capacities; MIKE
PIOVARCHY, RNS, in his official and personal
capacities; DEREK THOMAS, RN, in his
official and personal capacities; JOHN E.
DUPONT, Hearing Examiner, in his official
and personal capacities; DAVID PITKINS,
SCI-Laurel Highlands, in his official and
individual capacities; JEFFREY BEARD,
former Secretary of PA Department of Corrections, .
in his individual capacity; SECRETARY
PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, in his official capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 3-11-cv-00225)
District Judge: Honorable Kim R. Gibson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 16, 2013

_____

Before: SMITH, FISHER, and CHAGARES, <u>Circuit Judges</u>.

_____

OPINION

_____

CHAGARES, <u>Circuit Judge</u>.

Walter Chruby brought a complaint against several prison officials based principally on alleged violations of his First Amendment rights. The District Court dismissed the complaint and denied Chruby's motions to file supplemental pleadings. For the reasons explained herein, we will affirm.

I.

We write solely for the parties and will therefore recount only those facts that are essential to our disposition. The following facts are taken from the complaint, which we accept as true when reviewing a motion to dismiss.

Chruby is an inmate at SCI Laurel Highlands ("SCI-LH"), a prison in Pennsylvania. He suffers from a kidney disorder that requires significant medical attention. In 2005, Chruby filed a lawsuit against several prison officials alleging that he had received improper treatment for his condition. To settle the case, the parties entered into an agreement (called the "consent decree" in the complaint) allowing Chruby to reside at SCI-LH for the remainder of his life if the facility remains open and if Chruby refrains from engaging in misconduct. At some point, Chruby was transferred to another

2

facility, but eventually he was returned to SCI-LH. In August of 2009, Chruby filed a second lawsuit claiming that he was subjected to cruel and unusual punishment.

In December of 2009, defendant Derek Thomas, a registered nurse, was assigned to administer Chruby's medical treatment. At the beginning of the first visit, Thomas began to write notes before examining Chruby. Chruby questioned Thomas about what he was writing, and Thomas responded, "I'm just doodling." Appendix ("App.") 63. Chruby wrote a letter to several other defendants complaining of Thomas's conduct, and Chruby was thereafter charged with misconduct for making false assertions in the letter. The defendants conducted a hearing on the misconduct charge, but refused to compel testimony of witnesses as Chruby demanded. In addition to exhibiting bias, the hearing officer denied Chruby's request to view the medical records in question. The post-hearing report incorrectly stated that Thomas had testified at the hearing.

Based upon the incident with Thomas and the subsequent hearing, Chruby filed a complaint stating eight causes of action, alleging violations of his First Amendment rights, of his right to equal protection, and of 42 U.S.C. § 1997d. The complaint also alleges that the defendants conspired to deprive Chruby of his First and Fourteenth Amendment rights, thereby violating 42 U.S.C. § 1983, and requests declaratory and injunctive relief.

Chruby later filed a motion for leave to file a supplemental pleading that was based on an incident that occurred in March of 2012. After being hospitalized for several days for acute pyelonephritis, Chruby was discharged and told that he would be prescribed Dilaudid. Chruby did not receive Dilaudid from physicians at the prison, so

3

he wrote a letter to complain. Several days later, he wrote a separate letter complaining that he had been forced to wait three and one-half hours before being taken to the hospital when his medical emergency occurred. Two misconduct charges were filed against Chruby shortly thereafter, one of which was for lying to an employee. The bases of the lying charge were the two letters: the charge alleged that Chruby falsely stated that Dilaudid had been ordered for him, and also falsely stated that he had waited three and one-half hours before being taken to the hospital. The proposed supplemental pleading lists five additional First Amendment claims, seeking permanent injunctions, monetary damages, and declaratory relief.

Chruby later moved to file another supplemental pleading, this time based on a meeting with defendant Annette Kowalewski. In the meeting, Kowalewski threatened to file a new misconduct charge based on Chruby's "lie" in the letter concerning his pain medication. App. 606. She then told Chruby that he would be issued a misconduct if he ever sent another letter to anyone in the medical department that she found "inappropriate or impolite." Id.

The second motion also sought to add a new defendant, Robert Reed, who was the hearing examiner for Chruby's second misconduct hearing. At that hearing, Chruby was again denied access to his medical records that related to the alleged misconduct. The second supplemental pleading contains two additional causes of action: the first is for First Amendment retaliation against Kowalewski, and the second seeks injunctive relief against Reed and John E. Wetzel for denial of due process during the misconduct hearing.

4

In June of 2012, the Magistrate Judge issued a Report and Recommendation (the "Report") that recommended dismissing the complaint. It also concluded that the proposed supplemental pleadings would be futile. The District Court agreed on both points and dismissed the case.

## II.[1]

### A.

The Magistrate Judge's Report began by addressing Chruby's three First Amendment retaliation claims, counts one, two, and four. To recover on a retaliation claim, plaintiffs "must show (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). When reviewing a motion to dismiss, we must simply ensure that the complaint states grounds plausibly suggesting entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." (quotation marks omitted)).

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of a district court's order granting a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009).

5

The Report noted that the defendants did not challenge either Chruby's allegation that he engaged in protected activity or his claim that their action was sufficient to deter a person of ordinary firmness from exercising his rights. The issue chiefly addressed by the Report was whether there was a causal connection between the protected activity and the retaliation. The Report concluded that no causal connection could be shown as to the first misconduct filed against Chruby. App. 27. We agree, and will therefore affirm the District Court's dismissal.

B.

Chruby's conspiracy claim states that several of the defendants "agreed by word or by action to violate plaintiff's First Amendment rights to free speech and petition, and Fourteenth Amendment right to equal protection and due process of law." App. 82. The defendants sought dismissal of the conspiracy claim on two grounds. First, they argued that Chruby failed to plead that he was deprived of a federally protected right. Second, they contended that Chruby's allegations of an agreement were conclusory. The Report accepted both of the defendants' arguments and dismissed the claim.

To plead a conspiracy claim properly, a plaintiff must allege "facts that plausibly suggest a meeting of the minds." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010). The complaint must not plead merely a "conclusory allegation of agreement at some unidentified point." Twombly, 550 U.S. at 557. The Report concluded that Chruby "failed to allege any facts to substantiate an allegation of conspiracy." App. 36. We agree that the complaint failed to make

6

allegations of conspiracy with the requisite specificity, and will therefore affirm the dismissal of the conspiracy claim.

## C.

The complaint also seeks declaratory and injunctive relief to prevent prison officials from deviating from the terms of the consent decree based on the 2009 misconduct. The Report recommended dismissal of both claims because it concluded that none of Chruby's substantive claims could survive the motion to dismiss. It also pointed out that injunctive relief is a remedy rather than a cause of action,[2] and reasoned that declaratory relief would be inappropriate because it appeared likely that the defendants would not transfer Chruby based on the 2009 misconduct. Once again, we agree with the District Court and will affirm its order.

## D.

The District Court also denied Chruby's two motions to file supplemental pleadings. We review the District Court's denial for abuse of discretion, but review its underlying legal determinations de novo. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).

## 1.

---

[2] We agree with the Report that an injunction is a remedy rather than a cause of action, so a separate claim for injunctive relief is unnecessary. See, e.g., Birdman v. Office of the Governor, 677 F.3d 167, 172 (3d Cir. 2012).

Chruby's first motion to file a supplemental pleading sought injunctive relief and money damages for violations of his right to access the courts,[3] his right to petition, and his right to free speech based on the 2012 incident concerning his prescription for pain medication. The Report concluded that amendment would be futile because none of Chruby's claims could succeed. The court first noted that "neither the personnel who were [the] subject of the letters nor the Captain who issued the misconducts are Defendants in this action," and therefore Chruby would not be able to show a causal connection between the letters and the misconduct at issue. App. 40. It also reiterated its prior holding that results of the prison hearing precluded any argument that a retaliatory motive existed. The District Court's analysis and holding were correct and we will therefore affirm the court's denial of Chruby's motion to file a supplemental pleading.

2.

Chruby's second motion to file a supplemental pleading sought to add a retaliation claim against Kowalewski for her "threat to write plaintiff up for a misconduct charge if he would write a letter that she deemed to be 'inappropriate' or 'impolite.'" App. 610. It also sought to add a due process claim because Chruby was denied the right to review his medical records in association with his misconduct hearing.

Once again, the Report recommended denial because the supplemental pleading would be futile. On the retaliation claim, it concluded that "[i]t is well established that

---

[3] The first proposed supplemental cause of action was based on a "misconduct charge for plaintiff's request to a fellow inmate to write a letter to plaintiff's own counsel." App. 536. Because Chruby's appellate brief only addresses his punishment for the letter concerning his medication, we will affirm the dismissal of that cause of action.

verbal threats do not constitute adverse action for purposes of stating a retaliation claim under the First Amendment." App. 41. Without deciding the general issue of whether threats can constitute adverse action, today we will affirm the District Court's conclusion that the verbal threats alleged were not sufficient to deter Chruby from exercising his constitutional rights.

The Report also concluded that Chruby would be unable to state a claim for denial of due process rights because due process rights are not triggered in the prison hearing context unless the prison imposes an atypical and significant hardship on the inmate. We agree with the Report's conclusion that the threat of removal was not enough to constitute the atypical and significant hardship that the constitution requires. Therefore, we will affirm the District Court's denial of Chruby's motion.

III.

For the reasons explained herein, we will affirm the order of the District Court.