**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3922
_____

ARLINGTON G. GHEE;
LAYVONE GHEE, his wife

v.

MARTEN TRANSPORT, LTD; RANDY J. BEE,
JOHN DOE 1-10, ABC, INC., 1-10

Marten Transport, LTD; Randy J. Bee,
                                        Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-11-cv-03718)
District Judge: Hon. Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 10, 2014

BEFORE: FISHER, COWEN AND TASHIMA*,  Circuit Judges

(Filed: June 25, 2014)
_____

OPINION
_____

_____
*Hon. A. Wallace Tashima, Senior United States Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

COWEN, Circuit Judge.

The defendant-appellants, Marten Transport, Ltd. ("MTL") and Randy J. Bee,

challenge certain adverse evidentiary rulings and, relatedly, the denial of their motion

seeking either a new trial or remittitur. We will affirm.[1]

**I.**

Because this opinion lacks precedential value, and because we write principally for

the parties, we will only set forth the facts that are necessary to inform our analysis.

The principal plaintiff-appellee, Arlington Ghee, filed suit in the United States

District Court for the District of New Jersey.[2] He alleged in the Complaint that both

MTL and Bee were liable for damages resulting from a May 2009 accident involving two

tractor-trailers. One of those tractor-trailers was driven by Ghee, and the other, which

was owned by MTL, was driven by Bee.

Both MTL and Bee conceded liability (and appear to have conceded causation),

thus leaving only one triable issue: the quantum of Ghee's damages. A jury heard six

days of testimony on that issue. The evidence heard by the jury, which bears on this

appeal, can be divided into four parts.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a). Our jurisdiction is premised on 28 U.S.C. § 1291.

[2] Ghee's wife raised a derivative claim for loss of consortium. But it appears that
[2] Ghee's wife raised a derivative claim for loss of consortium. But it appears that she abandoned that claim, which neither appeared in the Final Pre-Trial Order nor was put at issue during trial. *See Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 842 F.2d 1466, 1475-76 (3d Cir. 1988).

First, Ghee presented expert testimony from two doctors who spoke to the nature and extent of his physical injuries. The defendants neither objected to nor offered evidence tending to refute that testimony.

Second, Ghee testified about the practical effect of his injuries. He testified over the defendants' objection that his injuries would prevent him from driving a tractor-trailer in the future. He also testified without objection that he "didn't know" or "have any idea what else [he could] do" because he was not "computer literate" and was unable to work in an establishment that would require him to stand on his feet for an extended period of time. (J.A. 82-83.)

Third, Ghee called an expert, economist Paul Gazaleh, who testified regarding Ghee's claims for past and future wage loss.[3] On cross-examination, Gazaleh noted that his calculations were premised on the assumption that the accident rendered Ghee unable to work. He also readily admitted that he was not qualified to testify as a vocational expert and had not, in preparing his expert report, reviewed any vocational expert's materials or evaluation of Ghee.

Fourth, in response, MTL and Bee offered vocational evidence tending to show that Ghee would be able to work in the future, in some capacity.

---

[3] The defendants jointly moved *in limine* to bar Gazaleh's testimony. District Judge Freda L. Wolfson wisely reserved decision on that motion until she heard "the testimony of the witnesses preceding Mr. Gazaleh," including the testimony of both Ghee and his medical experts. *Ghee v. Marten Transp., Ltd.*, No. 11-3718, 2013 WL 4500333, at *1 (D.N.J. Aug. 21, 2013). She then denied the motion.

3

Following the presentation of evidence, the jury awarded Ghee $875,896.21 in damages, including $108,496 for past lost wages and $210,000 for future lost wages. The defendants timely filed a post-trial motion, seeking either a new trial or remittitur. That motion was denied, and this appeal followed.

## II.

Our review of a district court's evidentiary rulings is highly deferential. We will review the District Court's application of the Federal Rules of Evidence only for abuse of discretion, *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 80 (3d Cir. 2009), including its admission of expert testimony, *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008), and lay opinion testimony, *United States v. Stadtmauer,* 620 F.3d 238, 260 (3d Cir. 2010). "'An abuse of discretion arises when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law[,] or an improper application of law to fact.'" *Pineda*, 520 F.3d at 243 (quoting *In re TMI Litig.*, 193 F.3d 613, 666 (3d Cir. 1999)).

MTL and Bee first argue that the District Court erred when it allowed Ghee to testify that his injuries would prevent him from operating a tractor-trailer in the future. We disagree. It is well-settled that "'[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination.'" *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993) (alterations in original) (quoting *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980). Where, as here, a lay witness's opinion testimony

4

"is based on sufficient experience or specialized knowledge" and "a sufficient connection" exists between "such knowledge and experience and the lay opinion," that opinion should be admitted because it "may be fairly considered to be 'rationally based on the perception of the witness' and truly 'helpful' to the jury." *Asplundh Mfg. Div. v. Benton HarborEng'g*, 57 F.3d 1190, 1193 (3d Cir. 1995).

MTL and Bee also argue on appeal that the District Court erred when it allowed Ghee to testify about the effect of his injuries on his ability to take other jobs or complete other types of work. However, MTL and Bee waived that argument by failing to either raise an objection at trial or assert the argument upon their post-trial motion. As the District Court correctly noted, *see Ghee*, 2013 WL 4500333, at *3 n.6, "a party who fails to object to errors at trial waives the right to complain about them following trial." *Waldorf v. Shuta*, 142 F.3d 601, 629 (3d Cir. 1998); *see also Birdman v. Office of the Governor*, 677 F.3d 167, 173 (3d Cir. 2012) ("It is axiomatic that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." (citation and internal quotation marks omitted)).

Finally, MTL and Bee argue that the assumption underlying Gazaleh's expert testimony, i.e., that Ghee's injuries prevented him from working in any capacity, was not supported by a proper evidentiary basis. Again, we disagree. The testimony that came into evidence, either over objection or in the absence of an objection, showed that Ghee could neither work: (1) as a truck driver, or (2) in any other capacity.

5

**III.**

Insofar as the defendants sought a new trial, we find no error in the District Court's denial of their post-trial motion. Granting that motion, which was premised on the evidentiary rulings discussed above, would have run afoul of both common sense and good logic. A motion for a new trial cannot be granted on the basis of evidentiary rulings that were rightly decided in the first instance. Further, as noted by the District Court, the request for a new trial could not have rested on an objection that the defendants wholly failed to lodge. *See Waldorf*, 142 F.3d at 629; *Murray v. Fairbanks Morse*, 610 F.2d 149, 152 (3d Cir. 1979) ("Counsel's failure to object precludes him from seeking a new trial on [those] grounds . . . .").

We similarly find no error in the District Court's denial of the defendants' request for remittitur. MTL and Bee failed to show that the damages awarded to Ghee were either constitutionally excessive or against the weight of the evidence. *But cf. Lesende v. Borrero*, No. 06-4967, 2011 WL 4765162, at *4-8 (D.N.J. Oct. 7, 2011).[4] To the contrary, it appears that the jury considered the sum of the evidence presented, weighed the evidence in a manner that considered both Ghee's testimony regarding his inability to work and the vocational evidence submitted by the defendants, and "split the baby" by awarding Ghee less for future lost earnings than he demanded.

**IV.**

---

[4] This Court earlier described the October 7, 2011 opinion in *Lesende* as "well-rooted in both law and fact." *Lesende v. Borrero*, --- F.3d ----, 2014 WL 1924726, at *13 (3d Cir. Apr. 7, 2014).

6

For the reasons expressed above, we will affirm the judgment of the District Court entered on September 5, 2013.