NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2816
_____

TONI CLARK,

Appellant

v.

WELLS FARGO BANK; UNITED STATES OF AMERICA;
THE COMPTROLLER OF CURRENCY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-01293)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2014

Before:  CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Opinion filed:  September 22, 2014 )
_____

OPINION
_____

PER CURIAM

Toni Clark, proceeding pro se, appeals from the District Court's dismissal of her

complaint against the United States of America and the Office of the Comptroller of the

Currency ("OCC").  For the reasons that follow, we will affirm.

I.

Clark filed a complaint in the Superior Court of New Jersey, Law Division, Essex County, in which she alleged tort claims against Wells Fargo Bank ("Wells Fargo"), the OCC, United States Attorney Paul Fishman, and Attorney General Eric Holder. Clark contended that the OCC was reckless in performing its duties because it did not "examine Wells Fargo Bank to ensure a safe and sound financial condition and to ensure compliance with applicable bank laws, rules, fraud, and abuse." Dkt. No. 1, at 8. Clark asserted that Wells Fargo had engaged in deceptive practices and unlawful foreclosures while promulgating false and misleading information. Id. She stated that she had complained about these entities to U.S. Attorney Paul Fishman and Attorney General Eric Holder, but received no response. She contended that their failure to investigate her claims demonstrated negligence, political corruption, and obstruction of justice. Id.

Pursuant to 28 U.S.C. § 2679(d)(1), the United States of America was substituted as defendant in place of Fishman and Holder. The United States of America and the OCC (collectively, "the federal defendants") then removed the action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 2679(d)(2). After removal, the federal defendants filed a motion to dismiss for lack of subject matter jurisdiction. They argued that sovereign immunity was not waived, and thus subject-matter jurisdiction was lacking, pursuant to the Federal Tort Claims Act ("FTCA"). The District Court granted the motion and dismissed the action as to the federal defendants. Wells Fargo then moved to dismiss the complaint for failure to state a claim. The District

2

Court, declining to exercise supplemental jurisdiction over the state-law claims, denied the motion and remanded the matter to state court. Clark timely appealed.[1]

## II.

"When reviewing an order dismissing a claim for lack of subject matter jurisdiction, we exercise plenary review over legal conclusions and review findings of fact for clear error." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). While Clark appeals from the order dismissing her complaint against the federal defendants, her appellate brief does not discuss whether this action was erroneous. Rather, Clark argues on appeal that the District Court erred in two ways: first, by allowing the federal defendants to remove the action after the thirty-day time limit set forth in 28 U.S.C. § 1446(b), and second, by dismissing the action after the state court had entered default judgment in her favor.[2] The District Court's dismissal of Clark's claims against the federal defendants and the arguments Clark raises in her brief will be

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We are mindful that a pro se litigant's complaint is to be construed liberally. See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Because Clark stated in her notice of appeal that she is appealing from the District Court's order entered April 17, 2013, which dismissed the claims against the federal defendants, we review that decision only.

[2] Clark's arguments on appeal were not raised in the District Court. While we will consider her contentions, we note that we have no obligation to do so. "It is axiomatic that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." Birdman v. Office of the Governor, 677 F.3d 167, 173 (3d Cir. 2012) (internal quotation marks and citations omitted). The facts underlying these claims were known to Clark before the District Court ruled on the federal defendants' motion to dismiss, and Clark has not alleged the existence of any exceptional circumstances that would justify permission to raise them now. Even if Clark's arguments were properly raised, however, for the reasons that follow, they would not merit reversal.

discussed in turn below. Upon review, we discern no error in the District Court's legal conclusions or factual findings.

The District Court correctly determined that it lacked subject-matter jurisdiction over the removed matter. The federal government "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Testan, 424 U.S. 392, 399 (1976). The FTCA provides a limited waiver of the United States' sovereign immunity when a plaintiff claims that federal employees acting within the scope of their employment have engaged in tortuous conduct. See 28 U.S.C. §§ 1346(b)(1) and 2679(a). The injured party must bring suit within the FTCA's terms, however. United States v. Smith, 499 U.S. 160, 162 (1991).

The FTCA requires a plaintiff to present an administrative claim to the relevant federal agency and receive a denial from the agency in writing before filing a tort claim against the United States. See 28 U.S.C. § 2675(a). Sovereign immunity is not waived, and subject-matter jurisdiction is therefore lacking, if a plaintiff fails to comply with the FTCA's mandatory administrative claim procedure before filing suit. See, e.g., Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003). Here, the federal defendants provided declarations from the OCC as well as the Department of Justice indicating that neither of those entities had any record of receiving an administrative claim from Clark. See Dkt. Nos. 2-2 and 2-3. Because Clark did not submit an administrative claim prior to bringing suit, the District Court lacked subject-matter jurisdiction and was therefore

4

correct in dismissing the claims against the federal defendants on that basis.

The District Court was also correct in its determination that the conduct alleged by Clark fell within the "discretionary function" exception to the FTCA. The FTCA excepts from liability "any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." § 2680(a). Investigatory activities are protected by this exception. See Pooler v. United States, 787 F.2d 868, 871-72 (3d Cir. 1986) ("Congress did not intend to provide for judicial review of the quality of investigative efforts."); Bernitsky v. United States, 620 F.2d 948, 955 (3d Cir. 1980). In this case, Clark alleged that the federal defendants were "reckless" and "negligen[t]" in not investigating her accusations regarding Wells Fargo or her complaints regarding the other government entities. Dkt. No. 1, at 8. This claim falls squarely within the "discretionary function" exception set forth in § 2680(a), and the District Court correctly determined that subject-matter jurisdiction was lacking for this reason as well.

We also find that the issues that Clark raises in her appellate brief are without merit. Clark's first contention on appeal, that removal was improper due to the expiration of 28 U.S.C. § 1446(b)'s time limit, is incorrect. If a tort action against a federal employee is initiated in a state court, and the Attorney General certifies that the employee was acting within the scope of his or her employment, the action "*shall* be removed . . . at any time before trial" to the appropriate federal district court and the

5

United States must be substituted as the defendant. § 2679(d)(2) (emphasis added); Osborn v. Haley, 549 U.S. 225, 241 (2007). Here, the United States Attorney's Office made the relevant certifications, triggering removal under § 2679.[3] Section 1446 therefore does not apply, and the removal of Clark's action was timely.

Clark's other contention on appeal, that the state court's entry of default judgment in her favor precluded the District Court from dismissing her complaint for lack of subject-matter jurisdiction, is also incorrect. Federal courts are responsible for ensuring that they have subject-matter jurisdiction, and a court must dismiss an action where subject-matter jurisdiction is absent. Fed. R. Civ. Proc. 12(h)(3); see also In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997). Here, before the District Court could reach the merits of Clark's complaint, it was obligated to analyze whether its exercise of jurisdiction was permissible. The District Court correctly determined that it was not authorized to hear the matter, and it properly dismissed the claims against the federal defendants.

For the foregoing reasons, we will affirm.[4]

---

[3] Pursuant to 28 C.F.R. § 15.4, the U.S. Attorney is authorized to make these substitutions.

[4] We deny Clark's motion to dismiss the federal defendants' brief. She alleges that it was untimely, but the docket reflects that it was received on its due date and was therefore timely.