**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3543
_____

WILLIAM D. TURNER,
                                          Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JOHN DOE, Department of Responsibility; JOHN DOE, Chief Examiner of Corrections;
SUPERINTENDENT MAHANOY SCI; JOHN DOE, Deputy SCI Mahanoy; and
JANE HIMMAN, Facility Grievance Coordinator, SCI Mahanoy
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 4-14-cv-02068)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2017

Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Turner, a Pennsylvania inmate, was confined at SCI-Mahanoy from 1997 until September 2014, when he was transferred to SCI-Frackville. He filed this civil rights action on October 20, 2014, claiming that there was improper double celling of inmates at SCI-Mahanoy, that he received inadequate medical care for his diabetes, and that he was transferred to SCI-Frackville in retaliation for filing a grievance.

The defendants (administrators at the Department of Corrections and officials at SCI-Mahanoy) moved to stay discovery, answered the complaint, and later moved for summary judgment. Thereafter, Turner filed a motion to amend his complaint.

The District Court stayed discovery, then granted the defendants' motion for summary judgment because Turner's claims were barred by the applicable statute of limitations or a failure to exhaust remedies.[1] The District Court did not explicitly rule on Turner's motion to amend. Reconsideration was denied, and Turner appealed.

We have jurisdiction under 28 U.S.C. § 1291. In reviewing an award of summary judgment, we apply the same test as the District Court, asking whether the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009) (quotation omitted).

---

[1] Pre-suit exhaustion of available institutional remedies is required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Exhaustion must be in accord with applicable regulations and policies. Woodford v. Ngo, 548 U.S. 81, 83 (2006). If exhaustion is incomplete when an inmate files suit, dismissal is mandatory. See Porter v. Nussle, 534 U.S. 516, 524 (2002); Nyhuis v. Reno, 204 F.3d 65, 77 n.12 (3d Cir. 2000). An inmate cannot cure non-compliance with § 1997e(a) by exhausting remedies after

The District Court first considered Turner's claim that his diabetes medication was changed without him being advised of the possible side effects of his new medication. The District Court noted that Turner filed a grievance regarding this issue in 2009, and that final appeal of the grievance was denied on January 21, 2010, almost four years before Turner initiated this lawsuit. We concur with the District Court's conclusion that this claim was time-barred in light of the applicable two-year statute of limitations. See 42 Pa. Cons. Stat. § 5524; Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985).

The District Court then considered whether three other grievances that Turner filed could serve as a basis for exhaustion of his federal claims. The first of these grievances concerned Turner's removal from a prison job as a janitor; the second alleged that he was improperly charged a co-payment for skin lotion; and the third concerned an x-ray scan after Turner suffered a head injury. We agree with the District Court that these grievances were all unrelated to the claims that Turner presented in this lawsuit and thus could not provide evidence of compliance with the PLRA's exhaustion requirement.

Next, the District Court considered Turner's August 2014 grievance, which complained of double celling and inadequate treatment for his diabetes at SCI-Mahanoy. The final appeal of this grievance was dismissed on October 14, 2014, because Turner failed to provide the "required documentation for proper review." The District Court found that Taylor's failure to provide the required documents during the institutional appeal constituted a failure to follow the procedural rules concerning grievances and thus

filing his complaint. Cf. Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).

ran afoul of the procedural default requirement of the PLRA. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). We agree with this assessment and the District Court's conclusion that the claims related to this grievance failed because of non-exhaustion.

The District Court also considered Turner's October 30, 2014 grievance alleging that he was transferred in retaliation for filing the August 2014 grievance. A final institutional appeal of this grievance was denied on February 9, 2015, almost four months after the filing of this action. The District Court correctly determined that this grievance did not evidence proper exhaustion of institutional remedies. See Ahmed, 297 F.3d at 209; see also Johnson v. Jones, 340 F. 3d 624, 627-28 (8th Cir. 2003).[2]

---

[2] We note Turner's indication in the October 30, 2014 grievance that he had filed a similar grievance on September 24, 2014, but received no response. If that were true— no copy of a grievance filed on September 24, 2014, has ever been produced—it might be the case that the District Court should have excused Turner from the PLRA's exhaustion requirement. See Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 154 (3d Cir. 2016); Small v. Camden Cty., 728 F.3d 265, 273 (3d Cir. 2013).

On appeal, the parties were asked to address the District Court's exhaustion ruling in light of the allegedly filed September 24, 2014 grievance. Turner failed to do so in his opening brief and thus waived the issue. Prometheus Radio Project v. FCC, 824 F.3d 33, 53 (3d Cir. 2016). Waiver aside, Turner's isolated allusion in the October 30, 2014 grievance to an overlooked September 24, 2014 grievance was not enough to withstand summary judgment. Cf. Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999) (a plaintiff cannot avoid summary judgment with speculation; he must provide competent evidence from which a rational trier of fact can find in his favor).

4

For the reasons given above, the defendants were entitled to summary judgment on all of Turner's claims, and the District Court thus did not abuse its discretion in denying reconsideration. The judgment of the District Court will be affirmed.[3]

---

[3] Although we do not condone the District Court's failure to explicitly consider Turner's motion to amend, we conclude on this record that amendment of the sort proposed by Turner would have been futile. Cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).