BLD-174                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-1158

———————

WILLIAM D. TURNER,
                                    Appellant

v.

JOHN E. WETZEL, Secretary of Corrections; JOHN DOE, Department of
Responsibility; JOHN DOE, Chief Examiner of Corrections; JOHN KERESTES,
Superintendent SCI Mahanoy; JOHN DOE, Deputy, SCI Mahanoy;
JANE HIMMAN, Facility Grievance Coordinator, SCI Mahanoy

———————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 4-14-cv-02068)
District Judge: Honorable Matthew W. Brann

———————————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 12, 2018
Before: RESTREPO, BIBAS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion Filed:  April 23, 2018)

————————

OPINION*

————————

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

PER CURIAM

William Turner, a Pennsylvania inmate, was confined at SCI-Mahanoy from 1997 until September 2014, when he was transferred to SCI-Frackville. On October 20, 2014, Turner filed this civil rights action claiming that: (1) he received inadequate medical care for his diabetes; (2) there was improper double-celling of inmates at SCI-Mahanoy; and (3) that he had been transferred to SCI-Frackville in retaliation for filing a grievance.

The defendants moved for summary judgment. The District Court granted the motion on the grounds that, inter alia, Turner's inadequate-medical-care claim was time-barred and his other two claims had not been properly exhausted. Turner moved for reconsideration, but the District Court denied his request. Upon review, this Court affirmed, Turner v. Sec'y Pa. Dep't of Corr., 683 F. App'x 180 (3d Cir. 2017) (not precedential), and denied Turner's petition for rehearing by the panel and the Court en banc.

Turner then returned to the District Court and filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Turner argued that the District Court erred in concluding that he had failed to properly exhaust the institutional remedies available for his retaliation claim. The District Court denied relief on the ground that Turner had not set forth any basis for relief under Rule 60(b). Turner appealed.

I.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Turner has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for

2

possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We review the denial of a Rule 60(b) motion for an abuse of discretion. See, e.g., Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999).

II.

Rule 60(b) sets forth exceptions to finality that permit a party to seek relief from a final judgment under a limited set of circumstances. The exceptions to finality include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief. Fed. R. Civ. Pro. 60(b)(1)–(4), (6). Relief is available only when the case presents extraordinary circumstances. See Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977).

As previously noted, Turner argued in his Rule 60(b) motion that the District Court erred in determining that he had failed to properly exhaust his retaliation claim. In reaching this determination, the District Court recognized that Turner had filed a grievance on October 30, 2014, alleging that he had been transferred in retaliation for filing an earlier grievance. The District Court further recognized, however, that the Department of Corrections did not issue its final decision for this grievance until several months after Turner commenced this action. Therefore, according to the District Court, Turner had not fully exhausted the institutional remedies available for his retaliation claim before filing suit. In his Rule 60(b) motion, Turner objected to this ruling on

3

several grounds, including: (1) the date on the Final Appeal Decision contained a typo; (2) his federal civil rights action did not "commence" until he paid his filing fee; and (3) he had attempted to exhaust his retaliation claim through another grievance, which he attached to his motion, but the prison never responded to that grievance.

We see no abuse of discretion in the District Court's decision to deny Turner relief under Rule 60(b). As the District Court concluded, Turner's allegations of error do not satisfy any of the subsections of Rule 60(b) set forth above. Furthermore, to the extent that Turner is attempting to use his Rule 60(b) motion as a means of obtaining review of our prior rulings in this case, a Rule 60(b) motion may not be used as a substitute for an appeal. See Reform Party of Allegheny Cty., 174 F.3d at 312. Lastly, insofar as he argues on appeal that his motion was based on an intervening change in the law, he may not raise this argument for the first time on appeal. See Birdman v. Office of the Governor, 677 F.3d 167, 173 (3d Cir. 2012). In any event, the cases that Turner cites do not reflect any relevant changes in the law.

III.

For these reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).