**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3307
_____

SHARON R. RODRIGUES,
                     Appellant

v.

UNIFUND CCR, LLC; MULLOOLY, JEFFREY, ROONEY & FLYNN LLP;
JOHN SHEERIN, Individually; ASHLEY CLAYTON, Individually
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-15-cv-04830)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2017
Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: June 2, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Sharon R. Rodrigues appeals from the District Court's order granting summary

judgment to the defendants.  For the following reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Because we write primarily for the parties, who are familiar with the case, we discuss the background only briefly.  In June 2015, Sharon Rodrigues filed a complaint in the United States District Court for the District of New Jersey, based on collection activities which occurred in tandem with a collection matter filed by defendants Mullooly, Jeffrey, Rooney & Flynn (MJRF) and John Sheerin, Esq. ("Sheerin") on behalf of Appellee Unifund CCR, LLC ("Unifund") against Rodrigues in the Superior Court of New Jersey.  Rodrigues raised three claims:  (1) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., regarding the quality/nature of the proofs defendants utilized to procure judgment in state court; (2) violations of the New Jersey Consumer Fraud Act (NJCFA), N.J. Stat. Ann. § 56:8, and the New Jersey Collection Agency License Surety Bond statute, N.J. Stat. Ann. § 45:18-1; and (3) alleging that her credit report was pulled without a permissible purpose in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

In February 2016, the defendants filed motions for summary judgment, asserting that the FDCPA and NJCFA claims were barred under the New Jersey Entire Controversy, Rooker-Feldman,[1] and res judicata doctrines; and that the allegations regarding the FCRA should be dismissed because defendants had a permissible purpose for pulling Rodrigues' credit report.  MJRF and Sheerin also asserted that N.J. Stat. Ann.

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

§ 56:8 does not apply to law firms/attorneys. By order entered on July 14, 2016, the District Court granted defendants' motions for summary judgment, concluding that Rodrigues' claims were identical to her state court claims and were therefore barred by the Rooker-Feldman and res judicata doctrines. The Court also determined that because Rodrigues' opposition papers failed to address the NJCFA claim, it was deemed abandoned. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the district court's decision granting summary judgment. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

On appeal, Rodrigues primarily takes issue with the District Court's ruling that her claims are barred by the doctrines of Rooker-Feldman and res judicata.[2] Specifically, she

---

[2] On appeal, Rodrigues also alleges for the first time violations of 15 U.S.C. § 1692f(8) and § 1692e(5). Arguments that are "asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review . . . absent exceptional circumstances," Birdman v. Office of the Governor, 677 F.3d 167, 173 (3d Cir. 2012) (internal quotation marks omitted), that are not present here.

3

contends that her federal claims stem not from the validity of the underlying debt, which was adjudicated in state court, but from the actions of defendants in collecting said debt.

The doctrine of res judicata bars claims that were brought, or could have been brought, in a previous action. In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). The Entire Controversy Doctrine, New Jersey's "idiosyncratic" application of res judicata principles, is rooted in the belief that "the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Rycoline Prods., Inc. v. C. & W Unlimited, 109 F.3d 883, 885 (3d Cir. 1997) (quoting DiTrolio v. Antiles, 662 A.2d 494, 502 (N.J. 1995)). A party must bring in one action "all affirmative claims that [it] might have against another party, including counterclaims and cross-claims" and must join "all parties with a material interest in the controversy," or be forever barred from bringing a subsequent action involving the same underlying facts. Id. (quoting Circle Chevrolet Co. V. Giordano, Halleran & Ciesla, 662 A.2d 509, 513 (N.J. 1995)).

While the Entire Controversy Doctrine is wider in scope than federal res judicata, both share a trio of requirements: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." Watkins v. Resorts Int'l

Hotel & Casino, 591 A.2d 592, 599 (N.J. 1991) (citing, inter alia, Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981)); see also In re Mullarkey, 536 F.3d at 225. New Jersey courts have held that the primary consideration in determining if successive claims are part of the same controversy is whether the claims "arise from related facts or from the same transaction or series of transactions." DiTrolio, 662 A.2d at 502.

We agree with the District Court's conclusion that the claims in this action stem from the same transaction and occurrence as the claims and defenses in the state court action.[3] Rodrigues presented all of her defenses in state court, multiple times, in her motion to vacate the default judgment, answer to the complaint, summary judgment opposition papers, and motion for reconsideration. She raises the same arguments and claims in her federal complaint, namely that: (1) Unifund failed to respond to her request to validate her debt; (2) Unifund pulled her credit reports without a permissible purpose; (3) she did not enter into a contract with Unifund; (4) she did not owe the debt associated with the account; (5) Unifund did not properly serve her with the state court complaint; (6) Unifund failed to attach proof of the assignment of her debt; (7) Unifund failed to attach a signed contract, and attempted to collect interest without a contract; and (8)

---

[3] It appears from the record that the first two factors are undisputed: (1) On April 16, 2015, the Superior Court of New Jersey granted Unifund's motion for summary judgment, and denied Rodrigues's motion for reconsideration on June 30, 2015; and (2) Unifund, MJRF, and Sheerin are in privity with each other, see E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990) (holding "[o]ne relationship long held to fall within the concept of privity is that between a nonparty and party who acts as the nonparty's representative").

Unifund relied on "fraudulent" certifications with allegedly different signatures. In defending her claims in state court, Rodrigues necessarily challenged the actions of the defendants in collecting the debt and procuring judgment as well as the validity of the debt.

As a result, the District Court properly concluded that defendants were entitled to summary judgment on all claims, and we will affirm the judgment of the District Court.[4]

---

[4] Because res judicata serves as an absolute bar to Rodrigues' claims, we see no need to address the District Court's application of the Rooker-Feldman doctrine.